In re Charles R. MILLIS, SS# 403–70–2743, Patricia Gail Millis, SS# 403–74–0825, Debtors.

**Charles R. MILLIS, Patricia Gail Millis, Movants,**

v.

**HOUSEHOLD FINANCE CORPORATION, Respondent.**

Bankruptcy No. 1–84–02685.

United States Bankruptcy Court, S.D. Ohio, W.D.

May 29, 1985.

John W. Bower, UAW–GM Legal Services Plan, Cincinnati, Ohio, for respondent.

William L. Bowen, Middletown, Ohio, for debtors/movants.

Mark A. Greenberger, Cincinnati, Ohio, trustee.

### DECISION AND ORDER ON DEBTORS' MOTION TO AVOID LIEN

BURTON PERLMAN, Bankruptcy Judge.

Debtors filed a chapter 7 petition in this court on October 23, 1984. Debtors listed Household Finance Corporation as a creditor with a claim of $5,000.00 secured by the debtors' household goods. Debtors listed creditor's debt as a nonpossessory, nonpurchase money security interest in household goods with a value of $1,000.00. Debtors claim an exemption in household goods pursuant to § 2329.66(A)(4)(b) of the Ohio Revised Code in the amount of $4,000.00. The debtors thereafter filed a motion to avoid creditor's lien to the extent that it impaired the debtors' exemptions pursuant to 11 U.S.C. § 522(f). In the motion, the debtors contend that they are entitled to avoid the security interest of the creditor under the federal exemption statute because Ohio's exemption statute was unconstitutionally amended and is therefore ineffective and inoperative. Specifically, debtors contend that the statute extending the Ohio opt-out violates the Ohio constitutional requirement that any legislative bill be limited to one subject, the "single issue" rule. Debtors say, therefore, that the state statute is unconstitutional and cannot serve effectively to "opt-out" of the federal scheme. Therefore, say debtors, the federal exemptions apply.

Debtors' argument that they may avoid creditor's lien pursuant to 11 U.S.C. § 522(f) because the Ohio exemption statute is unconstitutional and therefore ineffective is not well taken. Judge Anderson stated in *In Re Thompson*, 44 B.R. 530 (Bankr.S.D. Ohio 1984):

In Amended Substitute Senate Bill No. 171, File 99, effective as of June 13, 1984, the Ohio opt-out section was ex-

tended until January 1, 1986. This extension appears proper and not in violation of the Ohio Constitution's 'one issue rule'. Given such intent by the Ohio General Assembly this Court will not distinguish between those debtors filing during any gap period and those filing after such valid extension.

We agree with the rationale of Judge Anderson. Debtors' motion is not well taken and is hereby overruled.

SO ORDERED.